**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:06CV218-W**

| | |
|---|---|
| **BOGOPA SERVICE CORP.,**<br>a New York corporation,    )<br>   )<br>     **Plaintiff,**    )<br>   )<br>     **vs.**    )<br>_____)<br>**FOOD BAZAAR, INC.,**<br>a North Carolina corporation,    )<br>   )<br>     **Defendant.**    )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

     **THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" (document#9) filed July 7, 2006; the Defendant's "Motion to Dismiss First Amended Complaint" (document #19) and "Memorandum ... in Support ..." (document #20), both filed September 22, 2006; and the Plaintiff's "Opposition ..." (document #23) filed November 9, 2006. Defense counsel has informed chambers' staff telephonically that a reply will not be filed and the time for filing a reply brief has expired.

     This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant's Motions are ripe for the Court's consideration.

     Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motions to Dismiss be <u>denied</u>, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

     This is an action seeking damages and equitable relief for trade name and service mark

infringement and related claims under the Lanham Act, 15 U.S.C. § 1114 <u>et. seq.</u>, as well as state law claims for unfair and deceptive trade practices and unfair competition. The Plaintiff, Bogopa Service Corp., is a New York corporation that operates retail supermarkets and wholesale food distributorships that are directed at Hispanic customers under the registered trade name and service mark "FOOD BAZAAR."

Accepting the allegations of the First Amended Complaint as true, while the Plaintiff does not presently operate a facility in North Carolina, through its Internet website and other national marketing efforts, its FOOD BAZAAR mark has acquired a "nationally famous reputation as a unique source of high quality Hispanic food, including within North Carolina." First Amended Complaint at 3 (document #14).

The Defendant, Food Bazaar, Inc., is a North Carolina corporation located in Charlotte, that also markets Hispanic food. At this point in the proceedings, the Defendant concedes that sometime <u>after</u> the Plaintiff had registered and began using its FOOD BAZAAR service mark, the Defendant began selling food using the same mark. Moreover, the Plaintiff alleges that the Defendant's use of the infringing mark is willful and in bad faith, that is, that one of the Defendant's "principals" (who is not named in the record) is a former "associate" of the Plaintiff who joined the Defendant intending to use the mark. The Plaintiff also contends that the Defendant's misuse of the Plaintiff's mark has caused actual confusion between the parties' products, including in North Carolina.

On May 15, 2006, the Plaintiff filed its Complaint, alleging five claims: trademark infringement, false designation of origin, and dilution under the Lanham Act, as well as state law claims for unfair and deceptive trade practices and unfair competition.

On July 6, 2006, the Defendant filed its first "Motion to Dismiss" (document #9), contending

that all of the Plaintiff's claims are subject to dismissal under the <u>Dawn Donut</u> rule first articulated in <u>Dawn Donut Co. v. Hart's Food Stores, Inc.</u>, 267 F.2d 358 (2nd Cir. 1959), discussed below.

On July 31, 2006, the Plaintiff filed its First Amended Complaint, alleging the same legal claims but with an expanded factual basis, specifically, as discussed above, that the Defendant has used the disputed mark in bad faith. As the parties agree, the Amended Complaint <u>mooted</u> the Defendant's first Motion to Dismiss. <u>Accord</u> <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); <u>Colin v. Marconi Commerce Systems Employees' Retirement Plan</u>, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motions for more definite statement, to dismiss first amended complaint, and for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); <u>and</u> <u>Turner v. Kight</u>, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Accordingly, the undersigned will respectfully recommend that the Defendant's first "Motion to Dismiss" be <u>denied as moot</u>.

On September 22, 2006, the Defendant raised the same issue in its "Motion to Dismiss First Amended Complaint" (document #19), which has been briefed as set forth above and is, therefore, ripe for disposition.

## II. <u>DISCUSSION OF CLAIMS</u>

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of North Carolina v. Martin</u>, 980 F.2d 943, 952 (4th

Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

It is well settled that the question in determining whether trade or service mark infringement exists under the Lanham Act "is whether the use of the accused copy or colorable imitation of the registered mark is likely to cause confusion, or cause mistake, or to deceive." Pizzeria Uno Corp., v. Temple, 747 F. 2d 1522, 1527 (4th Cir. 1984). Accord Emergency One Inc. v. American Fire Eagle Engine Co., 332 F.3d 264, 267-68 (4th Cir. 2003); and Sara Lee Corp. v. Kayser-Roth Corp., 81 F.3d 455, 463 (4th Cir. 1996).

In 1959, which as the Plaintiff points out in its brief, was a time when the national economy

4

was based on "bricks and mortar" rather than e-commerce, the Second Circuit Court of Appeals held that "if the use of the [competing] marks by the registrant and the unauthorized user are confined to two sufficiently distinct and geographically separate markets, with no likelihood that the registrant will expand his use into the defendant's market, so that no public confusion is possible, than the registrant is not entitled to enjoin the junior user's use of the mark."  <u>Dawn Donut Co.</u>, 267 F.2d at 364 (where plaintiff did not allege actual confusion between the marks or its intent to expand its business into the defendant's geographic market, it could not maintain trademark infringement action).

The Defendant premises its present Motion to Dismiss on the application of what has become known as the <u>Dawn Donut</u> rule because it contends that the Plaintiff  "is not doing business, and is not likely to do business" in North Carolina.  Defendant's "Memorandum ... in Support ..." at 2 (document #20).

Although the Fourth Circuit Court of Appeals has applied the <u>Dawn Donut</u> rule, it has added an element which the Defendant cannot establish at this point in the proceedings: that the junior user of the mark has acted in good faith.  <u>See</u>  <u>Emergency One Inc.</u>, 332 F.3d at 271 (4th Cir. 2003) (the junior user of a mark may use the mark in a particular area only "(1) if the [junior user's] area was geographically remote from the senior user's market at the time the junior user appropriated the mark <u>and (2) if the junior user was acting in good faith at the time</u>") (emphasis added); <u>and</u>  <u>Worsham Sprinkler Co., Inc. v. Wes Worsham Fire Protection, LLC</u>, 419 F. Supp. 2d 861, 867 (E.D.Va. 2006).

Although discovery could lead to persuasive evidence that the Defendant acted in good faith, taking the allegations of the Complaint as entirely true at this early stage of the proceedings – that is, taking as true that one of the Plaintiff's former associates became a "principal" of the Defendant

not only with knowledge of the Plaintiff's prior use of the mark, but also with intent to infringe it – the Dawn Donut rule would not apply. Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss the First Amended Complaint be denied without prejudice to the Defendant's right to assert the Dawn Donut rule, if then supported by admissible evidence, following the close of discovery.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #9) be **DENIED AS MOOT;** and that the Defendant's "Motion to Dismiss First Amended Complaint" (document #19) be **DENIED WITHOUT PREJUDICE** to the Defendant's right to reassert the same issue in a dispositive motion filed after the close of discovery.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109

F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO RECOMMENDED AND ORDERED**.

Signed: November 30, 2006

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge